CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/21/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:15-cr-2 |
| v. | MEMORANDUM OPINION |
| MARK ANDREW BERGER,<br>*Petitioner.* | JUDGE NORMAN K. MOON |

Before the Court is Mark Andrew Berger's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Dkt. 293. For the reasons stated herein, the Court will deny Berger's motion to vacate in part and will take under advisement in part.

I.

In 2015, Berger was indicted in the Western District of Virginia for conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count One); maintaining a place for the purpose of manufacturing, distributing and using cocaine base, in violation of 21 U.S.C. § 856(a)(1) (Count Ten); and, possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Eleven). Dkt. 12. The case proceeded to a jury trial in December 2015, and this Court declared a mistrial after the jury foreperson indicated that the jury was irrevocably deadlocked as to all counts against Berger and his co-defendant (and brother) Clay Berger. Dkt. 175. This Court held a second jury trial in February 2016. Dkt. 180. Clay passed away between the first and second jury trial, so Berger

was the only Defendant in the second trial. Ultimately, the jury found Berger guilty of Count One, but not guilty as to Counts Ten and Eleven. Dkt. 216.

Berger was sentenced to a term of imprisonment of 270 months. Dkt. 249. He filed an appeal on the grounds that "the trial court erred by holding Berger responsible for the total drug quantities distributed by his three nephew[] [co-defendants]." Brief for Petitioner at *1, *United States v. Berger*, 697 F. App'x 193 (4th Cir. 2017) (No. 16-4572). In an unpublished per curiam opinion, the Fourth Circuit rejected his argument:

> In Berger's presentence report the probation officer did find Berger responsible for the drug amounts distributed by his three nephews. At sentencing, however, the district court relied only on the drug distribution of Berger's nephew Justin Berger ("Justin") to determine Berger's relevant conduct for purposes of drug weight. The district court specifically referenced Justin's uncontroverted trial testimony for its finding that Berger should be held responsible for Justin's distribution of over 58 kilograms of cocaine base; Justin testified that he frequently converted cocaine into crack at Berger's residence over a period in excess of three years and that Berger was compensated for the use of his residence in cocaine and cash. The district court found at sentencing that Berger was aware of Justin's activities and that this conduct was within the scope of the conspiracy. Thus, we find no clear error in the district court's drug weight finding, *Crawford*, 734 F.3d at 342, and conclude that the Government sufficiently proved the drug quantity attributable to Berger by a preponderance of the evidence. *McGee*, 736 F.3d at 231. Accordingly, we affirm the judgment below.

*United States v. Berger*, 697 F. App'x 193, 195 (4th Cir. 2017).

Berger, moving *pro se*, subsequently filed a petition for writ of certiorari, which was denied. Dkts. 286, 287.

## II.

Following conviction and exhaustion of appeals, the Court is "entitled to presume that [the defendant] stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164 (1982). Only if there is "a fundamental defect which inherently results in a

complete miscarriage of justice" will the Court find a basis for collateral attack. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

### III.

Berger states two grounds in support of his motion. First, he alleges ineffective assistance of counsel. Second, Berger repeats the argument from his direct appeal—that he was sentenced for a drug weight that should have been attributed only to his co-conspirators and not to him.

<u>Ineffective Assistance of Counsel</u>

Berger argues that his trial counsel, Melvin Hill,[1] (1) failed to object to "spillover" evidence; (2) failed to negotiate and/or convey a plea bargain; and, (3) provided faulty/erroneous legal advice in connection with plea discussions. The second and third arguments are similar and considered together for the purpose of this motion.

To establish constitutionally ineffective assistance of counsel, a defendant must satisfy both prongs of the test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong requires that "the defendant show that counsel's performance was deficient . . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

---

[1] Hill withdrew as counsel and on September 30, 2016, the Fourth Circuit issued an order appointing Paul Beers as counsel as to Berger's appeal. Dkt. 260. Beers represented Berger on direct appeal, but then withdrew following the Fourth Circuit's order affirming this Court's judgment. Dkt. 283.

defendant by the Sixth amendment." *Id.* at 687. For counsel to be "deficient" in the necessary sense, his performance must fall "below an objective standard of reasonableness." *Id.* at 688. There is a strong presumption that counsel performed within the wide range of reasonable professional assistance and that the challenged action "might be considered sound trial strategy." *Id.* at 689. "'Deficient performance' is not merely below-average performance; rather, the attorney's actions must fall below the wide range of professionally competent performance." *Griffin v. Warden*, 970 F.2d 1355, 1357 (4th Cir. 1992). Moreover, evaluating counsel's conduct in retrospect requires that "every effort be made to eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

Under Strickland's second prong, a petitioner also must show prejudice, in the form of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The defendant bears the burden of proving prejudice, and unless this burden is met, a reviewing court need not consider the performance prong. *Id.* at 697.

### 1. "Spillover" Evidence

Berger argues that all the evidence "pointed in [Clay's] direction" and that there is "<u>NO</u> evidence" tying Berger to "<u>ANY</u> criminal activity beyond associating with known drug dealers (those being family) . . . ." Dkt. 293-1 at 4 (emphasis in original). Further, he claims ineffective counsel because Hill failed to challenge the evidence of Clay's criminal activity that was used against Berger. *Id.* Instead, he asserts that Hill presented "half-hearted inquires to the jury that they 'keep in mind' that what [was] being said was about 'Clay,'" not Berger. *Id.*

Berger's argument is without merit. Berger has not identified specific evidence Hill should have objected to, and evidence of the drug activities of co-conspirators was not *per se* objectionable because it was directly relevant to the elements of the conspiracy charge against

Berger. Those elements include: (1) two or more persons, directly or indirectly, reaching an agreement to distribute or possess with intent to distribute cocaine and crack cocaine; (2) Berger's knowledge of the essential objectives of the conspiracy; (3) interdependence among the alleged conspirators; and (4) that the overall scope of the conspiracy involved at least five kilograms of cocaine and at least 280 grams of cocaine base. *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir. 2001).

If there truly were no evidence tying Berger to Clay's criminal activity, a failure to object might constitute deficient performance by Hill. But, as the Court noted during the sentencing hearing, the Government offered evidence that "[Berger] had the house, they cooked the stuff there." Dkt. 271 at 22. And that Berger "took his direction from Clay." *Id*. at 23. *See also id*. at 20 ("[E]ven if [Berger] was not a leader—an organizer or leader around the house, all of this was going on around his presence. So it's inconceivable that he didn't know this was going on as a member of the conspiracy."). Even Berger acknowledges that "CONFLICTING statements" by family members "implicat[ed]" him in the conspiracy. Dkt. 293-1 at 4.

Finally, while a standing objection to all evidence of Clay's criminal activity likely would have been futile, Hill did challenge the weight of that evidence. During Hill's closing argument, he stated that Berger "is guilty of one thing and one thing only; being related to Clay Berger and the rest of the family. Guilt by association has been outlawed and the instructions say if he is present, it's not enough." *Id.* at 44:17–22. The Court cannot say that it was unsound trial strategy for counsel to challenge the weight, rather than the admissibility, of this evidence.

2. *Failure to Negotiate and/or Convey Plea Bargain & Faulty Legal Advice*

Berger's next ineffective assistance of counsel arguments are considered together, as they both relate to plea bargains and what Hill communicated to Berger.

The United States Supreme Court has held that "defendants are 'entitled to the effective assistance of competent counsel'" during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). The Fourth Circuit has stated that "[w]hile there is no constitutional right to a plea agreement, and the decision to initiate plea negotiations is ordinarily a strategic decision within the purview of defense counsel, counsel is still required to be a 'reasonably effective advocate' regarding the decision to seek a plea bargain." *United States v. Lopez*, 570 F. App'x 291, 292 (4th Cir. 2014) (unpublished) (internal quotation marks and citations omitted) (quoting *Brown v. Doe*, 2 F.3d 1236, 1246 (2d Cir.1993)).

Ineffective assistance of counsel may also be shown if trial counsel provides "gross misadvice" regarding a defendant's "sentencing exposure" and, "but for this gross misadvice, there is a reasonable probability that [defendant] would have accepted the plea agreement[.]" *United States v. Merritt*, 102 F. App'x 303, 307 (4th Cir. 2004) (unpublished); *see also Magana v. Hofbauer*, 263 F.3d 542, 547–48 (6th Cir. 2001) (requiring that movant show deficient performance and that, but for counsel's advice, he would have pled guilty); *United States v. Gordon*, 156 F.3d 376, 379–81 (2d Cir. 1998) (per curiam) (recognizing ineffective assistance of counsel claim where counsel's gross misadvice regarding potential sentencing exposure caused defendant to reject plea offer).

To satisfy the prejudice prong of the *Strickland* test in the context of plea negotiations, a petitioner must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the

prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence. *Lafler*, 566 U.S. at 162–63.

Both Berger and the Government agree that before his first trial Berger was offered a plea for 168–210 months. *See* Dkt. 303-1 at 1; Dkt. 301 at 9. Berger claims that Hill did not explain how the sentencing guidelines operate, did not research the case, and claimed "without any explanation to justify why" that Berger "would receive the same amount of time whether [he] accepted the plea or went to trial." Dkt. 293-1 at 4. Berger alleges that he relied on this statement, along with Hill's assurances that the Government had "nothing on [him]," in his decision to reject the offer. *Id.* at 5.

Following the mistrial, Berger alleges that he "specifically requested that counsel inform the prosecution [] he was willing to accept a plea." *Id.* Yet, according to Berger, Hill did "NOT" do as requested, and instead declined "to engage in any further plea negotiations . . . ." *Id*. However, Hill did "convey" to Berger that the government might reoffer a prior 240-month plea deal if Berger opposed retrial.

Berger emphasizes that Hill failed to "learn the facts and familiarize himself with the law (sentencing guidelines) in relation to [Berger] going to trial . . . ." *Id*. He claims that Hill "never reviewed police reports, grand jury testimony, and photographs" with him. Dkt. 303 at 1. He alleges that Hill told him he would be sentenced to "the same amount of time, 240 months," regardless of whether he went to trial or negotiated a plea. Dkt. 293-1 at 5. "Had it not been for counsel" declaring that there "is no way the government" can "prove the necessary elements need[ed] to convict you," Berger maintains that he would have pleaded guilty to receive a lesser sentence with a "three-point reduction for acceptance of responsibility" and received a "lesser sentence." *Id.* at 6.

Hill's affidavit tells a somewhat different, though incomplete, story. Hill states that he explained the elements of conspiracy to Berger and advised him that "one or more of the co-defendants in this case would testify against him" and that "the co-defendants could establish the elements necessary to prove the conspiracy charge." Dkt. 301-2 ¶ 4. Hill also states that he presented a plea offer before the first trial that would "call for a period of incarceration of one hundred sixty-eight (168) months to two hundred ten (210) months." *Id.* ¶ 5. It was Hill's "professional opinion that Berger should plead guilty pursuant to that offer." *Id.* Berger rejected that advice and insisted he would not plead guilty under that agreement because he felt that 168 months was "too long of a sentence." *Id.* ¶ 6. According to Hill, Berger "insisted on going to trial in spite of the evidence against him." *Id.* After the first trial ended with a hung jury and eleven jurors voting to convict, Berger insisted on going to trial a second time. *Id.* ¶¶ 7–8.

A material dispute of fact exists as to the communications between the Government, Hill, and Berger with respect to plea negotiations. The Court concludes that Berger's second ineffective assistance of counsel argument warrants an evidentiary hearing.

<u>Drug Weight Calculation</u>

Berger's second ground in support of his motion claims that he was sentenced for a drug weight that should have been attributed only to his co-conspirators and not to him. This is the same argument Berger raised to the Fourth Circuit on direct appeal, which the Fourth Circuit rejected. *Berger*, 697 F. App'x at 194–95. Because the Fourth Circuit already addressed this claim, it may not be raised on collateral review. *United States v. Rush*, 99 F. App'x 489, 490 (4th Cir. 2004); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Berger does not allege any intervening change in the law, or any analogous circumstances that may provide the

Court with good cause to reconsider this issue. Thus, the Court rejects Berger's second ground in support of his motion.

### IV

For the reasons discussed herein, the Court will deny Berger's motion for relief under § 2255, Dkt. 293, in part and take it under advisement in part. The Court will deny the motion as to all claims except the claim that he received ineffective assistance of counsel in conjunction with plea negotiations. As to that claim only, the motion will be taken under advisement and the Court will hold an evidentiary hearing to address that claim. An accompanying order will issue.

The Clerk of the Court is hereby directed to send this Memorandum Opinion and accompanying Order to Petitioner and all counsel of record.

Entered this  21st  day of December, 2021.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE