CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

10/17/2022

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK ANDREW BERGER,<br>                                   *Petitioner.* | CASE NO. 6:15-cr-2<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>JUDGE NORMAN K. MOON |

Mark Andrew Berger, proceeding *pro se*, filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. ECF No. 293. By order entered December 21, 2021, the Court denied the § 2255 motion in part and took it under advisement in part. The Court further directed that an evidentiary hearing be held to address Berger's "claim that he received ineffective assistance of counsel in conjunction with plea negotiations." ECF Nos. 321, 322. The matter was referred to the assigned United States Magistrate Judge for the evidentiary hearing, and counsel was appointed for Berger.

Appointed counsel then sought leave to amend to file an amended § 2255 motion, in order to add a new ineffective assistance of counsel claim on the grounds that Berger's trial counsel labored under an actual conflict of interest. ECF No. 332. The United States initially opposed the motion as untimely, but the Court granted leave to amend, without prejudice to a future timeliness challenge. ECF No. 346. In response to the amended petition, the United States took the position that additional factual development was necessary before it could determine whether the amended petition was timely and before it could fully state its position as to the merits of the conflict-of-interest claim. ECF No. 360.

The hearing took place on September 30, 2022, and both Berger and his trial counsel, Melvin Hill ("Hill") testified. *See generally* Evid. Hrg. Tr., ECF No. 370. The parties were permitted the opportunity to file additional briefing thereafter. On October 13, 2022, the United States filed its supplemental response to the amended § 2255 motion. ECF No. 371.

Because the United States' supplemental response concedes that Berger is entitled to relief on his conflict-of-interest claim, the Court will withdraw its reference of this matter to the United States Magistrate Judge and will rule on Berger's § 2255 motion, without first obtaining a Report and Recommendation.

I. TIMELINESS

Although the government previously objected to the proposed amended petition as untimely, the government has now withdrawn its statute-of-limitations defense to the amended petition, noting that the testimony at the hearing established that the Amended Petition is timely, at least under a theory of equitable tolling. ECF No. 371 at 2. The United States may waive a statute-of-limitations defense to a § 2255 motion, giving the Court authority to address the motion on its merits. *See Miller v. United States*, 735 F.3d 141, 143 (4th Cir. 2013) (noting that the statute of limitations would have otherwise barred the § 2255 motion as untimely, but the government waived the statute of limitations); *cf. Day v. McDonough*, 547 U.S. 198, 205, 209, 211 n.11 (2006) (noting, in the context of a state habeas petition, that where the state intelligently chooses to waive a statute of limitations defense, a district court is not at liberty to disregard that choice).

In light of the waiver, which the testimony at the hearing supports, the Court will deem the amended petition timely filed and will address the conflict-of-interest claim on its merits.

II. CONFLICT-OF-INTEREST CLAIM

On the merits of the conflict-of-interest claim, the United States concedes that Berger has established that he is entitled to relief. In particular, the United States correctly recognizes that Hill had an actual conflict of interest and the conflict adversely affected Hill's representation of Berger.

To succeed on his conflict-of-interest claim, Berger must establish that (1) his attorney labored under "an actual conflict of interest" that (2) "adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). "If a petitioner satisfies this two-part test, prejudice is presumed." *Mickens v. Taylor*, 240 F.3d 348, 355 (2001).

To show that the second element of *Cuyler* is satisfied, a defendant must satisfy the following three prongs:

1. The defendant must identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued;
2. The defendant must show the alternative strategy was objectively reasonable under the facts known to the attorney at the time of the attorney's tactical decision; and
3. The defendant must establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict.

*Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001) (en banc), *affirmed without consideration of this point*, 535 U.S. 162 (2002). Berger can satisfy both of *Cuyler*'s prongs.

As to the first, it is undisputed that Hill, at the same time he was representing Berger, also represented a state court client who was a potential witness in Berger's case. That witness had advised Hill in a written letter (and later confirmed to Hill's investigator) that he had evidence undermining the credibility of one of the key witnesses against Berger. Specifically, the state court client had heard the witness (a cooperating co-defendant) bragging about the fact that he and his brothers had "lied to the Feds" about Berger and that Berger had never sold drugs. *See*

3

Def.'s Ex. 19, ECF No. 365-19. The letter also stated that Berger had been charged with possessing "a chopper," a slang term for an assault rifle, that had been left at Berger's house by the co-defendant's best friend. *Id.*; *see also* Evid. Hrg. Tr. 105–06 (Hill's testimony about what the letter stated, which included a statement about somebody leaving a gun at Berger's house). The letter contained detailed information about the alleged source of the drugs and about other criminal activity in which the co-defendant was involved. Def.'s Ex. 19; Evid. Hrg. Tr. 105–06. Despite this evidence, Hill failed to call his state court client as a witness at either Berger's first trial (which ended in a mistrial) or his second trial (which resulted in Berger's conviction on the drug conspiracy count only, and an acquittal on the other two counts).

     As the United States explains:

> A plausible alternative defense strategy of calling trial counsel's state court client as a witness at Berger's trial was identified and shown to be objectively reasonable. Hill's testimony also revealed that the failure to call his state court client at Berger's trial was linked to the actual conflict. Hill testified he did not call his state court client because that client did not want to testify out of fear of repercussions in his own criminal case. September 30, 2022 Tr. 102:6-104:2. That reasoning goes to the heart of the actual conflict of interest. Defendant "need not demonstrate prejudice in order to obtain relief." *Sullivan*, 446 US at 349-50.

Supp. Resp. 1–2, ECF No. 371.

     "When, [as here,] counsel for a defendant in a criminal case has an actual conflict of interest when representing the defendant and the conflict adversely affects counsel's performance in the defense of the defendant, prejudice to the defense is presumed and a new trial must be ordered." *United States v. Tatum*, 943 F.2d 370, 375 (1991) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348–50 (1980)).

4

In sum, Berger has established—and the United States concedes—that he is entitled to relief on his conflict-of-interest claim. Thus, the Court will grant his § 2255 motion as to that claim only, will vacate his conviction, and will order a new trial.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the reference to the U.S. Magistrate Judge of the § 2255 proceedings for preparation of a report and recommendation is WITHDRAWN. Berger's amended § 2255 petition, ECF No. 353, is GRANTED insofar as it seeks relief based on counsel's conflict of interest. Berger's conviction is hereby VACATED, and a new trial is ordered. In light of that ruling, it is unnecessary to reach the merits of Berger's claim that counsel was ineffective during plea negotiations. The remainder of Berger's § 2255 motion, ECF No. 293, is thus DENIED as moot.

The United States has advised that Berger intends to plead guilty to a lesser-included offense and that both parties are going to recommend a sentence of time served, to be followed by a term of supervised release. Accordingly, counsel is DIRECTED to contact the scheduling clerk to schedule a guilty plea proceeding.

In the interim, and in light of his conviction being vacated, Berger shall be returned to pretrial custody status, and he may seek release on bond.

The Clerk shall send copies of this order to all counsel of record.

Entered this 17th day of October, 2022.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE